UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES EUGENE WILLIAMS | ) | CASE NO.: 12-10641(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| ALICIA C. JOHNSON | ) | AP NO.: 12-1031 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES EUGENE WILLIAMS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Plaintiff Alicia C. Johnson in her capacity as Chapter 7 Trustee ("Trustee") against Defendant The Bank of New York Mellon ("The Bank") and the Response and Cross-Motion for Summary Judgment of The Bank.  The Court considered the Trustee's Motion and Supporting Memorandum of Law, the Response of The Bank and the Cross-Motion for Summary Judgment and Memorandum of Law in Support of the Bank's Motion and the entire record

before the Court. For the following reasons, the Court will enter the accompanying Order denying the Trustee's Motion for Summary Judgment and granting the Cross-Motion for Summary Judgment of The Bank.

**UNDISPUTED FACTS**

1. On April 2, 2001, Debtor Charles Eugene Williams ("Debtor") executed a mortgage with The CIT Group/Consumer Finance, Inc. ("CIT Group") in the amount of $59,432.16 secured by property described as "1924 Lawrence Road, Olmstead, Kentucky 42265." The mortgage was not recorded.

2. On November 11, 2003, Debtor filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court under Case No. 03-12429 ("First Chapter 7 Case").

3. On Schedule D to the Petition in Debtor's First Chapter 7 case, Creditors Holding Secured Claims, Debtor listed Fairbanks Capital Corp. Loan Servicing Center as the holder of the mortgage on his mobile home and one acre located at 1924 Lawrence Road, Olmstead, Kentucky.

4. On March 12, 2004, an Order of Discharge was entered in Debtor's First Chapter 7 Case and the case was closed.

5. During the course of Debtor's First Chapter 7 Case, no motions to avoid any liens were filed.

6. On October 18, 2011, the CIT Group recorded its mortgage with the Debtor in the Office of the Logan County Clerk.

7. On October 18, 2011, Vericrest Financial, Inc. Successor In Interest to CIT Group assigned the Debtor's mortgage to the Bank.

8. On May 7, 2012, Debtor filed his second Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code.

9. On August 3, 2012, Trustee initiated this adversary proceeding setting forth three causes of action. Two of the causes of action, whether Debtor was entitled to an exemption and whether the Bank had perfected its interest in Debtor's mobile home, have been resolved.

10. On January 28, 2013, the Trustee filed her Motion for Summary Judgment seeking an order declaring that the Bank's mortgage which was recorded in 2011 was void as a matter of law and that the Trustee may administer the real estate located at 1924 Lawrence Road for the benefit of Debtor's bankruptcy estate.

11. On January 31, 2013, the Bank filed a Response to the Trustee's Motion for Summary Judgment and a Cross-Motion for Summary Judgment seeking an Order declaring that the Bank's mortgage interest survived the Debtor's First Chapter 7 Case and the Bank may pursue an *in rem* foreclosure action against Debtor's real property.

**LEGAL ANALYSIS**

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Cantrex*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The burden on the moving party is discharged by a "showing" that there is an absence of evidence to support a non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. Summary Judgment will be appropriate if the non-moving party fails to establish the existence of an element essential to its case, and on which it bears the burden of proof. *Celetox Corp.*, 477 U.S. at 322. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with the non-moving party. *Lashlee*, 570 F.2d at 110-111.

The fact that the parties have filed cross-motions for summary judgment does not change the standards on which this Court must evaluate summary judgment motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). Courts still must resolve each motion on its own merits drawing all reasonable inferences against the moving party in each instance. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987). If genuine issues of material fact remain, neither motion should be granted. *Id.*

The issue before the Court is whether a mortgage recorded after the personal liability of the debtor is discharged can be avoided in the debtor's second Chapter 7 case? The Trustee contends that the discharge in Debtor's First Chapter 7 Case extinguished the debt thereby prohibiting the Bank from recording its mortgage subsequent to abandonment of the property by the trustee in the First Chapter 7 Case and closure of the case.

The Bank contends that the discharge in the Debtor's First Chapter 7 Case enjoined the Debtor's *in personam* liability for the debt; however, once the case was closed, the Bank was free to record the mortgage and pursue *in rem* foreclosure of the subject property. The Court finds that bankruptcy and Kentucky law support the Bank's position.

In Kentucky, an unrecorded mortgage is not void but is valid between the parties to such transaction, but not to purchasers who had no notice thereof. *Armstrong Interior v. Reynolds*, 1874 WL 6773, 8 Ky. Op. 169 (Ky. 1874); *Eastern Const. Co. v. Carson Const. Co.'s Trustee*, 242 Ky. 648, 47 S.W.2d 67 (Ky. 1932). The failure to record the mortgage only affects the priority of creditor, claims against the property. *See*, *E.S. Bonnie & Co. v. Perry's Trustee*, 25 Ky. L. Rptr. 1560, 78 S.W. 208 (Ky. App. 1904).

In the case at bar, the unrecorded mortgage was not avoided in Debtor's First Chapter 7 filing. The Supreme Court has stated that liens that are not otherwise avoided for the benefit of the estate or a debtor under Sections 522, 544, 545, 547, 548, 549 or 724(a), pass through bankruptcy unaffected. *Johnson v. Homestead Bank*, 501 U.S. 78

-5-

(1991). The Chapter 7 discharge only enjoins enforcement of the personal liability of the debtor on the mortgaged debt. Discharge does not constitute payment or satisfaction of that debt. The holder of the unavoided mortgage retains a liquidation preference in the proceeds from the sale of the mortgaged property. *Id.*; *Dewsnup v. Timm*, 502 U.S. 410 (1991).

In the case at bar, the Trustee in Debtor's First Chapter 7 Case could have avoided the unrecorded contractual lien under 11 U.S.C. §544(a)(3) on Debtor's property, but no such action was undertaken. The Bank's right to foreclose on the mortgage *in rem* passed through and survived the bankruptcy. *See*, *Long v. Bullard*, 117 U.S. 617 (1886); *Rupert v. Ohio Valley Nat. Bank*, 2003 WL 22359514 (Ky. App. 2003). Upon abandonment of the property by the Trustee to Debtor, title to the real estate revested in the Debtor, subject to Debtor's contractual mortgage lien granted to the Bank.

The Bank recorded the mortgage in 2011, well after the Debtor's First Chapter 7 Case was closed and therefore the recording was not prohibited by the automatic stay of Section 362(c)(2)(C). Once recorded, the mortgage became entitled to priority over any future bonafide purchasers for value. Recording the mortgage was not an attempt to recover the debt personally from the Debtor, rather it was to preserve the Bank's right to its contractual liquidation preference from the proceeds of the property. Therefore, recording the mortgage did not violate the discharge injunction of 11 U.S.C. §524(a).

The Trustee's Motion for Summary Judgment seeking to have the mortgage declared void must be denied. As a matter of law, the discharge injunction simply prohibits future enforcement of the Debtor's discharged personal liability. The Bank, however, was entitled to record the mortgage after the case was closed and may proceed against the property in an *in rem* foreclosure action. Accordingly, the Trustee's Motion for Summary Judgment seeking to have the mortgage declared void will be **DENIED**. The Court will **GRANT** the Cross-Motion for Summary Judgment of the Bank.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order denying the Motion for Summary Judgment of the Trustee and granting the Cross-Motion for Summary Judgment of the Bank.

*[signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 1, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES EUGENE WILLIAMS | ) | CASE NO.: 12-10641(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| ALICIA C. JOHNSON | ) | AP NO.: 12-1031 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES EUGENE WILLIAMS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Plaintiff Alicia C. Johnson, in her capacity as Chapter 7 Trustee, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** based upon the undisputed facts and the applicable law that the Defendant The Bank of New York Mellon's Motion for Summary Judgment, be and hereby is, **GRANTED**.

This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 1, 2013